[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15528
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60330-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE BURCKS,
a.k.a. Wayne Burkes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 25, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Wayne Burcks appeals his 180-month sentence, imposed after he pled guilty to Hobbs Act robbery.  On appeal, Defendant challenges the reasonableness of his sentence.  After careful review, we affirm.

## I.    BACKGROUND

In 2015, four masked individuals robbed a jewelry store while employees and customers were present in the store.  The individuals used hammers to smash the display cases and remove expensive watches.  Upon exiting the store, the individuals entered a vehicle driven by Defendant.  A high-speed chase ensued, and after the vehicle crashed, its occupants fled on foot.  Law enforcement officers apprehended two of the occupants, both of whom identified Defendant as the driver of the vehicle.  Investigators later determined that Defendant was a major contributor of DNA found on a bandana left in the vehicle, as well as gloves left near the vehicle.

Defendant was subsequently charged with one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b)(1) and (b)(3).  He later pled guilty pursuant to a written plea agreement.

In anticipation of sentencing, the probation officer prepared the Presentence Investigation Report ("PSR").  The PSR assigned Defendant a base offense level of 20, pursuant to U.S.S.G. § 2B3.1(a).  Defendant received a four-level enhancement under § 2B3.1(b)(2)(D) because the offense involved a dangerous weapon, and a

2

two-level enhancement under § 2B3.1(b)(7)(C) because the loss exceeded $95,000. The PSR determined that he was a career offender under § 4B1.1(a), which increased his offense level to 32.  Of relevance, Defendant had the following prior convictions in Florida:  (1) a 2011 conviction for burglary of an occupied dwelling; (2) a 2005 conviction for conspiracy to commit Hobbs Act robbery; and (3) a 2005 conviction for forcibly assaulting a corrections officer.  With a three-level reduction for acceptance of responsibility, his total offense level was 29.  Based on a total offense level of 29 and a criminal history category of VI, Defendant's guideline range was 151 to 188 months' imprisonment.

At the sentencing hearing, the district court sustained Defendant's objections to the dangerous weapon and career offender enhancements, resulting in an amended guideline range of 84 to 105 months' based on a total offense level of 22 and a criminal history category of VI.  The Government noted that an upward variance might be appropriate in this case based on Defendant's criminal history, which included "an immense amount of violence" and numerous convictions that were not accounted for in Defendant's criminal history category.  Defendant requested a within-guidelines sentence.

After reviewing the 18 U.S.C. § 3553(a) factors, the district court stated that a guideline sentence would not deter future criminal conduct or promote respect for the law.  The district court consequently sentenced Defendant to 180 months'

imprisonment.  Defendant objected to the sentence, asserting that it constituted an upward variance and was higher than the sentences of his codefendants.  This appeal followed.

## II.    DISCUSSION

Defendant argues that his sentence is unreasonable because the district court failed to consider his sentencing arguments, did not adequately consider the § 3553(a) factors, and focused exclusively on one § 3553(a) factor.

Using a two-step process, we review the reasonableness of a district court's sentence for an abuse of discretion.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  We first look to whether the district court committed any significant procedural error, such as miscalculating the advisory guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors,[1] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.  *Id.*  Then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances.

---

[1]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

*Id.* The party challenging the sentence bears the burden of showing that it is unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).

"A district court's unjustified reliance on a single § 3553(a) factor may be a 'symptom' of an unreasonable sentence." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008); *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (concluding that a sentence was unreasonable where the district court "focused single-mindedly" on one factor "to the detriment of all of the other sentencing factors."). "However, such a sentence is not necessarily unreasonable." *Williams*, 526 F.3d at 1322. This is so because "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotations omitted).

Here, Defendant has not shown that his 180-month sentence is procedurally or substantively unreasonable. At the sentencing hearing, the district court listened to the parties' arguments and explained its reasons for imposing an upward variance. The court discussed several § 3553(a) factors, including Defendant's history and characteristics, the nature and circumstances of the offense, and the need for deterrence, to protect the public, and to promote respect for the law. The district court's discussion of only a few § 3553(a) factors that were especially relevant to Defendant was not an abuse of discretion. *See United States v.*

5

*Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009) ("[N]othing . . . requires the district court to state on the record that it has explicitly considered *each* of the § 3553(a) factors or to discuss *each* of the § 3553(a) factors." (emphasis in original) (quotations omitted)).

Having determined that the district court committed no procedural error, we turn to the substantive reasonableness of the sentence. The district court did not abuse its discretion when weighing the § 3553(a) factors and selecting a 180-month sentence. Although the district court attached significant weight to the need for deterrence and to protect the public, the district court emphasized Defendant's criminal history and the fact that his last two convictions were for "smash-and-grab" robberies. The district court explained that Defendant was a "habitual offender" who keeps committing the same type of crimes and that a guideline sentence would not promote respect for the law. It was entirely within the district court's discretion to assign more weight to the need for deterrence and to promote respect for the law than to Defendant's mitigating circumstances. *Clay*, 483 F.3d at 743. Further, Defendant's 180-month sentence was below the statutory maximum of 20 years' imprisonment. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (stating that a sentence well below the statutory maximum is an indicator of reasonableness).

Accordingly, Defendant's sentence is **AFFIRMED**.

6